UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAMAL KARNA ROY,
                        Plaintiff,

                                                      8:09-CV-0688
                                                      (GTS/DRH)
2 DEMOCRATIC SENATORS OF NYS
ALBANY, NY; NY STATE, ALBANY, NY;
USA GOVERNMENT WASHINGTON, DC;
ASSOCIATED PRESS NYC, NY;
US AMERICAN MAN, conceived God/s who
failed weaker people including Plaintiff's
Association + Dr. Kamal Roy, Plaintiff; and
ESTATE OF DECEASED LEGEND
MICHAEL JACKSON, c/o Los Angeles
City, California,
                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

KAMAL KARNA ROY
  Plaintiff, *Pro se*
P.O. Box 1173
14 Kiwassa Road
Saranac Lake, New York 12983

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* civil rights action filed by Kamal Karna Roy ("Plaintiff") is United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed without prejudice for failure to fully comply with Fed. R. Civ. P. 8 and 10. (Dkt. No. 5.) For the reasons set forth below, the Report-Recommendation is accepted and adopted; Plaintiff's Amended Complaint is dismissed without prejudice; and Plaintiff is directed to show cause, within thirty (30) days of the date of this Decision and Order, as to why the Court should not issue an Order prohibiting him from

filing any future *pro se* actions in this Court without prior leave of the Court.

## I.     RELEVANT BACKGROUND

On June 11, 2009, Plaintiff filed his Complaint in this action, alleging violations of his civil rights. (Dkt. No. 1.) The Complaint was barely legible; and those portions that were legible were barely comprehensible. (*Id.*) On June 24, 2009, Magistrate Judge Homer directed Plaintiff to file an Amended Complaint on the ground that the original Complaint failed to comply with Fed. R. Civ. P. 8 and 10. (Dkt. No. 3.)

On July 13, 2009, Plaintiff filed an Amended Complaint. (Dkt. No. 4.) Like the original Complaint, the Amended Complaint was barely legible; and those portions that were legible were barely comprehensible. (*Id.*) On August 8, 2009, Magistrate Judge Homer recommended that Plaintiff's Amended Complaint be dismissed in its entirety for failure to comply with the Court's Order of June 24, 2009. (Dkt. No. 5.)

On August 14, 2009, Plaintiff filed Objections to Magistrate Judge Homer's Report-Recommendation. (Dkt. No. 6.)[1] Like the original Complaint and Amended Complaint, Plaintiff's Objections are either barely legible or barely comprehensible.

---

[1] No doubt due to the illegibility of the handwriting contained therein, the document that Plaintiff filed on August 14, 2009, has been docketed as Plaintiff's "Second Amended Complaint." (Dkt. No. 6.) However, a careful review of that document, and a liberal construction of it, reveals that it is, in fact, Plaintiff's Objections to the Report-Recommendation. (*See*, *e.g.*, *id.* at 1-3 [using word "Objection" on top of first page, and containing handwritten annotations to the correspondence from the Court serving the Report-Recommendation on Plaintiff].) This liberal construction inures to Plaintiff's benefit because, if the document filed on August 14, 2009, were construed as a Second Amended Complaint, it would be *sua sponte* struck as not having been filed with prior permission of the Court (as required by Fed. R. Civ. P. 15[a][2]), and the Report-Recommendation (to which no Objections would have been filed) would be reviewed under a clear error standard, rather than under a *de novo* standard. <u>As a result, the Clerk's Office is directed to re-docket the document filed on August 14, 2009 (i.e., Dkt. No. 6), as Plaintiff's Objections to the Report-Recommendation.</u>

## II.     RELEVANT LEGAL STANDARDS

### A.     Standard of Review of Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[2]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990).

[3]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

### B.    Legal Standard Governing Dismissals for Failure to Comply with Rules 8 and 10

Magistrate Judge Homer correctly recited the legal standard governing a dismissal under Rules 8 and 10 of the Federal Rules of Civil Procedure. (Dkt. No. 3, at 1-3.) As a result, these standards are incorporated by reference in this Decision and Order.

### C.    Legal Standard Governing Dismissals for Failure to Comply with Court Order

The Second Circuit has identified five factors to be considered when deciding whether or not to dismiss an action for failure to obey a court order (or failure to prosecute) under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

## III.  ANALYSIS

### A.    Plaintiff's Amended Complaint

Out of special solicitude to Plaintiff, the Court will assume that his Objections are sufficiently specific to subject Magistrate Judge Homer's Report-Recommendation to a *de novo* review, rather than simply a clear-error review. After carefully reviewing all of the papers in this action, including Plaintiff's Amended Complaint, and Magistrate Judge Homer's Order of June 24, 2009, and his Report-Recommendation of August 5, 2009, the Court accepts and adopts Magistrate Judge Homer's recommendation of dismissal for the reasons stated in his Order of

June 24, 2009, and his Report-Recommendation of August 5, 2009.

The Court would add only two points. First, after carefully weighing the five factors to be considered when deciding whether or not to dismiss an action for failure to obey a court order under Fed. R. Civ. P. 41(b), the Court concludes that those five factors weigh in favor of dismissal.

Second, in the alternative, the Court would *sua sponte* dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B).[4] Based on the factual allegations contained in Plaintiff's Complaint, the Court finds that (1) Plaintiff lacks standing to assert claims arising from Michael Jackson's adoption of his two adopted children, (2) several of the parties named as Defendants to this action enjoy either sovereign immunity or absolute immunity from liability under the claims asserted, (3) any remaining claims are so fanciful (and without an arguable basis in either fact or law) as to be frivolous, and (4) in the alternative, several of Plaintiff's claims appear duplicative of claims that were previously dismissed with prejudice by other federal courts across the country (in various of the 161 other federal court actions that Plaintiff

---

[4] Construed with special leniency, the Complaint asserts claims arising under unspecified civil rights statutes and the "federal election laws" against the following parties: (1) Barrack Obama; (2) "2 Democratic Senators of NYS"; (3) the federal government; (4) each of the fifty states; (5) the United Nations; (6) the *New York Times*; (7) the Associated Press; (8) the "US American Man"; and (9) the "Estate of Deceased Legend Michael Jackson, c/o Los Angeles City, California." (Dkt. No. 1.) The facts giving rise to Plaintiff's claims are, among other things, Michael Jackson's adoption of two white children, and Barrack Obama's actions in foiling Plaintiff's presidential aspirations (e.g., winning the election even though Mr. Obama was not born in the United States). (*Id.*) As relief, Plaintiff demands the following relief; (1) the appointment of two special prosecutors to investigate the matter; (2) the appointment of a panel of five judges to preside over the matter; and (3) the payment of 15 billion dollars in money damages. (*Id.*)

has previously filed).[5]

For all these reasons, the Report-Recommendation is accepted and adopted; and Plaintiff's Amended Complaint is dismissed without prejudice.

### B. Plaintiff's Future *Pro Se* Filings in this Court

A review of Plaintiff's litigation history in this District alone reveals that, before filing the current action, he filed four *pro se* civil rights actions, under the name "Kamal Karna Roy," in this District, three times suing (among other parties) the United States of America, and once suing (among other parties) the State of New York. *See Jungle Democracy v. The State of New York*, 06-CV-0031 (N.D.N.Y. 2006); *Roy v. USA*, 08-CV-0455 (N.D.N.Y. 2008); *Roy v. USA*, 08-CV-1075 (N.D.N.Y. 2008); *Roy v. USA*, 09-CV-0403 (N.D.N.Y. 2009). In addition, after filing the current case, Plaintiff filed, in this Court, a similar case against the State of California, the State of Hawaii, the United States Government, "UNO NYC," and the "News Media." *See Roy v. State of California*, 08-CV-0914 (N.D.N.Y. 2009). Each of these five actions have resulted in a dismissal for failure to comply with Rules 8, 10 and/or 12 of the Federal Rules of Civil Procedure (and/or equivalent Local Rules of Practice for this Court). Moreover, in two of

---

[5] The Court notes that, generally, when a federal district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his complaint. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) [citation omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted]; *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."), *accord*, *Abbas*, 480 F.3d at 639. Here, for the reasons discussed above, the Court finds that the problems with Plaintiff's claims against the Defendants are substantive. As a result, providing him a further opportunity to amend them would be futile.

these actions, Plaintiff appealed the orders of dismissal to the Second Circuit, which both times dismissed Plaintiff's appeal.  *See Jungle Democracy v. The State of New York*, No. 06-5888 (2d Cir. 2007); *Roy v. USA*, No. 09-1435 (2d Cir. 2009).

In addition, a review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, since 2006, he has filed approximately one hundred and sixteen (116) other *pro se* civil rights actions, under the name "Kamal Karna Roy," in district courts across the country.  All but nine of these actions have been rather promptly dismissed *sua sponte* under Rules 8, 10 and/or 12, as have been Plaintiff's appeals from the orders of dismissal.[6]

In addition, a review of PACER reveals that Plaintiff has filed twelve (12) other *pro se* civil rights action, under the name "Kam*e*l Karna Roy" (emphasis added) in district courts across the country.  Each of these actions have been rather promptly dismissed *sua sponte* under Rules 8, 10 and/or 12, as have been Plaintiff's appeals from the orders of dismissal.

Finally, it should also be noted that at least one district judge correctly observed that, since 1991, Plaintiff has also litigated numerous actions (not counted above) under the name "Joseph Geronimo, Jr." or various entities with which he claimed affiliation.  *See Roy v. USA*, 06-CV-0685, Memorandum Order at 2 (D. Del. filed Apr. 13, 2007) (Robinson, J.).  A review of PACER reveals at least twenty-eight (28) such *pro se* civil rights actions in district courts across the country, including one action in the Northern District of New York.  *See Geronimo v. People's Ass'n of Human Animals*, 08-CV-0113 (N.D.N.Y.).  Again, all but two of these actions have been rather promptly dismissed *sua sponte* under Rules 8, 10 and/or 12, as have been

---

[6] For example, ninety-three (93) of the hundred and sixteen actions filed by Plaintiff under the name "Kamal Karna Roy" were closed within five months of filing.

Plaintiff's appeals from the orders of dismissal.

In sum, Plaintiff appears to have filed some 161 other *pro se* civil rights actions in federal courts across the country (including in this Court), the vast majority of which have been rather promptly *sua sponte* dismissed under Rules 8, 10 and/or 12. Many of these dismissals were issued expressly based on frivolousness. *See*, *e.g.*, *Jungle Democracy v. The State of New York*, 06-CV-0031, Decision and Order, at 2 (N.D.N.Y. filed Nov. 14, 2006) (Mordue, J.); *Roy v. USA Govt Washington*, 08-CV-0554, 2009 WL 580442, at *1 (E.D.N.Y. March 6, 2009); *Roy v. Democratic Republic of USA*, 08-CV-1257, 2008 WL 3413898, at *1 (E.D.N.Y. Aug. 8, 2008); *Roy v. We the People*, 07-CV-3420, 2007 WL 4299177, at *2 (E.D.N.Y. Dec. 5, 2007); *Roy v. State of New York*, 07-CV-0340, 2007 WL 602303, at *2 (E.D.N.Y. Feb. 20, 2007).[7] Moreover, it is important to note that many of the 162 actions that Plaintiff has filed (including this one) have been duplicative in nature.

Under such circumstances, a federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings. For example, a federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any

---

[7] *See also, e.g., Roy v. USA*, 238 F. App'x 908, 908-09 (3d Cir. Sept. 6, 2007); *Roy v. U.S. Government*, 09-CV-11905, 2009 WL 1449090, at *1 (E.D. Mich. May 21, 2009); *Roy v. United States*, 07-CV-5759, 2009 WL 690818, at *1 (D. N.J. March 12, 2009); *Roy v. U.S. Government*, 08-CV-1626, 2009 WL 68872, at *2 (W.D. Wash. Jan. 5, 2009); *Ass'n of Comm. to Elect Rev. Dr. Kamal K. Roy v. Wikipedia*, 07-CV-0994, 2008 WL 348771, at *3 (M.D. Fla. Feb. 7, 2008); *Roy v. All State Bd. of Elections*, 07-CV-1419, 2007 WL 2984701, at *1 (W.D .Wash. Oct. 10, 2007); *Roy v. United States*, 06-CV-0685, 2007 WL 1109296, at *2 (D. Del. Apr. 11, 2007); *Jungle Democracy v. U.S.*, 06-CV-0503, 2006 WL 2616213, at *3 (D. Del. Sept. 12, 2006).

action *pro se* (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") [internal quotations and citations omitted]; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers*, 08-CV-0330, 2008 WL 1767067, at *1 (N.D.N.Y. Apr. 16, 2008) (McCurn, J.).

Indeed, at least two federal district court courts have imposed such a restriction on Plaintiff. *See Roy v. Democratic Republic of USA*, 08-CV-1257, 2008 WL 2065702, at *1 (E.D.N.Y. May 13, 2008), *Roy v. Democratic Republic of USA*, 08-CV-1257, 2008 WL 3413898, at *1 (E.D.N.Y. Aug. 8, 2008), *Roy v. U.S. Government*, 09-CV-11905, 2009 WL 1449090, at *1 (E.D. Mich. May 21, 2009).

Because of his history of filing vexatious, harassing or duplicative lawsuits, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous actions by him in the future. As a result, he is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future *pro se* actions without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this Court, any action *pro se* (that is, without counsel), without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket

so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk's Office is directed to re-docket the document filed on August 14, 2009 (i.e., Dkt. No. 6), as Plaintiff's Objections to the Report-Recommendation; and it is further

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 4) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is hereby directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing any future *pro se* actions in this Court without first obtaining leave of the Court.  In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this Court, any action *pro se* (that is, without counsel) without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

Dated: September 9, 2009
　　　　Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

10